May it please the court, my name is Frank Reagan. I represent the appellant Gonzalo Sanchez-Castro. And first I'd like to apologize for being late to the court today. I was stuck in traffic and I drove from San Diego, so I apologize. I used to sit in Judge Leitich's district court and waiting for argument on my case, and he liked to turn the clock ahead ten minutes and grab the Orange County lawyers who were late. I have some sympathy. In this court we prefer punctuality, but having been stuck in traffic occasionally myself. Thank you, Your Honor. I appreciate that. I called as soon as I was able and recognized my problem. We appreciate that. Thank you. The issue presented here today is whether the district court erred in considering factors unrelated to the defendant's substantial assistance to the government in refusing to depart as requested by the government. I find myself in the unusual position of the government and I agreeing on a particular sentence for a defendant in this instance, but the district court relied upon factors, some factors which had previously been considered at the time of sentencing, and a factor that was not mentioned at the time of sentencing, and that is the violence of the organization that he had been associated with prior to the time of his arrest. 35B, which governs these modifications of sentence, provides that the district court can modify a defendant's sentence upon government motion for substantial assistance. That was modified in 1998 to allow for prior cooperation to be aggregated with the current cooperation to reduce the sentence. I think that's important because I think it's clear that in modifying the statute, the focus is on the extent and the quality of the defendant's cooperation, and that's what, when the statute was modified, the focus was directed to. Clearly, if the statute was meant to refer to the crime itself, the role in the offense, all the factors that are commonly enumerated at the time of sentencing, there would be some reference in 35B to those factors, to that enumerated factors at the time of sentencing. There is none, and there was none when the statute was modified in 1998. I take your point, and I also take the point. It's a little curious that if the government wants cooperation, and that's the thrust of these 35B, to get substantial assistance, and the government takes the position that substantial assistance was rendered, it sort of undercuts the incentive for that cooperation if the court is going to not focus on that. But nonetheless, 35B says that if the government so moves within one year after the sentence is imposed, the court may reduce. It doesn't say shall reduce. And so the question then becomes, may reduce. Does that mean that the choice to the court is to evaluate only the nature and quality of the assistance, or can, as the Eleventh Circuit at least has held and another circuit have held, may consider the total context? You're saying that the language that they consider pre, that the court consider pre-sentencing and aggregated, that's fine, but the language of Rule 35B still is discretionary. I agree with that, Your Honor, and I agree that it is discretionary. I think the ultimate decision is ultimately the district court's. But the focus of the district court has to be on what, was the cooperation substantial to merit the amount of reduction grant requested by the United States? Was the United States hoodwinked in some fashion by the cooperation or by the defense lawyer or talked into something that might be, the court might have a different view of the quality and quantity of the substantial assistance, but not. What you're saying here is that the error of the district court was that she explained the reasons for her ruling. If she would have simply said, I look at this and I don't think that was substantial enough, so I'm not going to grant it, then you wouldn't be here. Only because she said, look, this guy was a serious criminal and the Oriental cartel and so on, so I'm not going to go any further. I considered that already. I'm not going to go any further. Well, I think that's correct, Your Honor. But I think that the district court has an obligation in virtually all instances to explain the basis for their rulings. And in this instance, the district court did, and it's our position that the factors that she enumerated are not factors that can be legitimately considered in the Rule 35 determination. The philosophy behind the sentencing scheme. A person is sentenced for an offense. If he's cooperated before that, he gets a 5K reduction pursuant to the government's request and the judge's evaluation. At that time, the judge evaluates his role in the offense, the seriousness offense, all the factors. When it comes to 35B, the focus is on we now have a lid. We have a sentence imposed. So now the question is, what substantial assistance has been imposed since that time, and what is the proper reduction? But didn't Judge Kidd do that here? Because this is the second 35B motion. Yes, Your Honor. I don't believe she did do that with the focus on the cooperation. She appeared to have made a determination based upon the offense, role in the offense, and the violence of this organization that she simply wouldn't go any lower with regard to the Rule 35. And I'm troubled by the reference to the violence, because in our probation reports, and there were two, one before Judge Brewster, one before Judge Kidd, there is no reference to violence. There came a point in time where there was a tremendous amount of publicity about this organization and the violence associated with this organization. But it's not a part of our record, and it's been in all the newspapers, it's been on the television, and I don't argue with the fact that the organization has demonstrated that. But I think at the time that this man was arrested, and he was no longer involved in this, there was no record of that violence, and it's not in our record. You're not arguing with the sentence that the district court actually imposed. What you're complaining about is the fact that the district court wouldn't reduce it further. You're not challenging the sentence. You're suggesting that the district court failed to reduce your client's sentence in accordance with 35B. Yes, Your Honor. The district court has discretion to do that, because 35B says that the district court may reduce. But she relied on improper factors in making that decision. And the Manela case, Chavarria, virtually all the cases say that if a judge relies on improper factors, the sentence is- But she hasn't increased your client's sentence. She's only failed to reduce it. But she failed to reduce it based upon factors. What if she had said on the record, I am not going to reduce this person's sentence because he's a man, or because he's of Mexican heritage? We wouldn't have any argument that that would be a problem. It would be an improper factor. And that's my point here. She- Are you familiar with the case that you just cited at Chavarria? Yes, Your Honor. It says the only factor that may militate in favor of a Rule 35B reduction is the defendant's substantial assistance. Then that's your point. But it says nothing in the text of the rule purports to limit what factors may militate against granting a Rule 35B motion. And that's really what Judge Keefe stated, was factors that militated against granting a 35B motion. What we have here is a statute, 35B- This is your own case that you cited. I understand, Your Honor. But in terms of statutory construction, what we're saying is that these factors that are non-enumerated in 35B can be used to deny a Rule 35, pursuant to Manila, but they can't be used to reduce a Rule 35 as Chavarria states. And so it's like if it's good for the government, we can use the factor. If it's good for the defendant, we can't use the factor. Well, I think the thrust, as I understand the Eleventh Circuit reasoning, is that for a district court to depart downward when the issue is and the basis for doing so is substantial assistance, is that if the court isn't buying that, they can't then use that as a new opportunity to revisit the sentence previously imposed. Whereas in this case, the discretion is committed to the district court to decide whether, on motion of the government, on substantial assistance, to accept it and say, yes, I'm persuaded. And I understand your argument. You're saying that's the context. So, therefore, the factors on which the discretion have to be exercised have to be related to the basis for the downward departure. The Manila case, however, says no. It's discretionary with the emphasis on may, and, therefore, the judge can look at it but can decide, look, I may have been substantial assistance, but I don't think that that warrants in the context of everything else, that I have to exercise my discretion to depart downward. So accepting that point of view, I understand you challenge it, but normally where the district court has discretion in the ability to depart downward, that's not reviewable by us so long as the court has made it clear on the record that she recognizes she has discretion. And I think Judge Mann adverted to this in his question, too. Suppose what Judge Keepe had done is simply say, I have discretion, I understand my discretion here, I've reviewed the record, and I decline to grant any adjustment downward. What would we have to review? I don't argue with that. I think that is the correct statement of the law. And if that were the case and we were to hold in this case that it couldn't be based on a factor other than analyzing substantial assistance, we would then have to impose would be not a statement or a requirement on the district court to not only acknowledge that they have the discretion, but also that it's limited to the factors at issue and have to spell out what those factors were that they actually considered. I think that limiting the factors that a district court can consider in Rule 35B is entirely consistent with Rule 35B. And the plain language of the statute, there is no reference in there to revisiting the sentencing, to considering the defendant's role, to agonizing over the amount of drugs. What I'm just simply suggesting is that the focus on a Rule 35B and the factors that a district court must consider and should only be allowed to consider are those factors related to substantial assistance, not to revisit the whole sentencing. Okay.  Thank you. Thank you, Your Honor. Good morning, Your Honors. Laura Duffy for the United States and from the Southern District of California. As Your Honor seems to have picked up, this case involves two separate requests for Rule 35B departures, one in March of 2000, one in July of 2000. The March 2000 departure request was based on a stipulation by the parties. Stipulated set of facts, stipulated representation of the cooperation, stipulated recommendation of an eight-level departure. The court granted that departure request. The July 2002 departure request was a request independently made by the government, and that was denied. Denied on the basis of factors that weighed against the defendant and factors considered other than substantial assistance. The court's denial of the July 35, excuse me, of the July 2002 motion was not a sentence imposed in violation of law. While the government made that motion because it thought it was reasonable to do so, it's not a violation of law. It was a denial based on the court's proper exercise of its discretionary decision not to depart downward any further than it already had, thereby limiting the extent of its departure to eight levels rather than one more level requested in July. But if the idea of 35B, which is specifically a grant of discretion and may reduce based on what appears to be on the face of it, a motion related to whether or not post the original sentence or the modified sentence on the prior, because of the prior stipulation, whether something new has now occurred which should cause the district court to reduce the sentence previously imposed. And the government comes in and says, all right, we've performed our function. We have worked with the defendant and we have made the determination as the government, the executive branch side of this equation, that this defendant has met what we consider to be the requirements for a 35B motion by us of substantial assistance. And the reason I would assume that the government is interested in this whole structure is to get substantial assistance. And in this case, presumably you were satisfied. You go in and the court says, no, I don't care about whether or not this defendant rendered substantial assistance to the government. I've decided that because of all of the nature of his crime and the violence and so on and so forth doesn't make any difference. So I'm not going to grant it. Doesn't that intrude the court in the process of second guessing or undercutting the executive branch interest in what 35B seems to contemplate as the purpose of this whole thing, which is to get substantial assistance? Your Honor, I think if that's what Judge Keefe had done, you may be right. But in this case, that's not what Judge Keefe did. Okay. What Judge Keefe did was she looked at the substantial assistance that the defendant had provided and made a ruling and departed eight levels as requested by the parties. Now, the motion in July of 2002 was not based on new substantial assistance. It was based on the substantial assistance already presented to the judge. And the one-level extra departure was made for reasons other than additional substantial assistance. It was made because the government felt it may have made an incorrect calculation in what it intended to do. The government had intended to make a 55% reduction because that most closely approximated the reduction we've made as far as other cooperators in this investigation that had given similar cooperation to the defendant. So we went in for that reason and asked for the extra one level. Now, in Judge Keefe's ruling in March of 2002, she made it very clear that she was reluctant to grant that departure, but she granted the departure based solely on the defendant's cooperation and because he was so forthcoming. So she followed the plain meaning of the rule, that the court may reduce a sentence to reflect the defendant's substantial assistance based on his cooperation. But when you look to the plain meaning of the rule, which the court in the Eleventh Circuit did in both Chevarria-Herrera and Manila, and in Chevarria-Herrera saying in that limited circumstance, under the plain meaning of Rule 35, a court can't consider factors other than substantial assistance in granting a Rule 35 reduction. And in Manila, the opposite situation, where they're looking at the refusal to grant further departure, limiting the extent of the departure, again, looking at that very same language, that the court may reduce the sentence to reflect substantial assistance, doesn't say anything in there, in that rule about limiting what factors a court can consider in denying or limiting the extent of substantial assistance. Also, doesn't say anything in the rule about what factors a court can consider in favor of giving a smaller reduction than the reduction that was requested. And I think that that reading is correct. It complies with general rules of statutory construction, focusing on the plain meaning of the rule. It complies with the basic premise. Even if this were the first motion, would that be your argument? The government's comfortable with a construction of 35B that says, let's assume that the march, what we were talking about, hadn't been stipulated. It was just one 35B motion, and this defendant had worked and cooperated with the government, and the government got valuable tips, and the district court said, you know, that's all great, but you say that's not what happened here, but you're asking us now, you're in some sense arguing on its face the district court can do this regardless of the fact that, in this case, there may have been, as applied, something that narrowed down what Judge Keefe may have been doing. But are you asking us then, the government's comfortable with the ruling from this court saying, hey, government can do its side of things, but the court can consider whatever it wants under substantial assistance? I think the issue before this court today is whether a district court can consider factors other than substantial assistance, not in ruling on Rule 35 in general, but specifically when denying or limiting the extent of a Rule 35. Oh, I understand that. And I think the answer is yes. Okay. Yes, it can. All right. And the government doesn't think that's going to undercut the impact of substantial assistance agreements? I think that that's the way the rule has already always operated, that the way it is written. I think that there may be disappointment. And I'm not saying in this case the government wasn't disappointed in the court's denial of the motion, but I certainly can't say that it was a violation of law. You think it's always been understood by a defendant that if he gave substantial assistance, what was relevant in the 35B departure motion was what the judge already knew about his case and already sentenced him on, that this whole effort was sort of a high-risk waste of time, since the nature of the crime was such that there wasn't much chance that even if he did cooperate, he was going to get anything? I think what the understanding has always been is it is in the court's discretion whether or not it departs a downward. Well, I understand that, but you're begging the question. The question is why. If I'm negotiating, if I'm sitting here as the defendant deciding whether or not to cooperate, whether or not, as we've seen in other cases, maybe to put family at risk or whatever else comes from being seen as cooperating with the government, and I do that, and I do that in good faith. Now, I'm stepping back from the facts of this case just in general. And I go into court with the government saying, yeah, he really kept up his side of the bargain. And the court says, tough, I don't care. I don't like this crime, and I think he should have been charged higher or whatever else, so I don't care about substantial assistance. The government's not troubled by that. I would be troubled by a court saying, I just don't care about substantial assistance. The judge's mindset is more clever than actually laying it out quite so clearly. But what I think is that it's absolutely reasonable for a defendant and for a defense counsel working with his client to understand that a downward departure is discretionary and that there are going to be things that are weighed in balance against that, and that for a district court to have discretion, to operate with discretion, in the vacuum of looking only at the isolated incident of a defendant's substantial assistance, balanced against nothing else, is unreasonable. I think it's instructive to look to rule. What do you mean balanced against something else? The court could decide. What you're saying is that if the court thinks it's improper or inappropriate to downward depart because of the nature of the offense, the court shouldn't be tied to ruling on a downward departure motion to deny it, in effect. I'm not understanding your question. I'm formulating it. Sorry. Let me back off. I'm trying to understand the sense of your position. As I take it, you're saying, look, the district court should have the discretion. It's intended under 35B that the district court has discretion that, if it is limited to considering only the nature and quality of the cooperation and a defendant actually cooperates, then the district court is put in the position of having to go ahead and exercise its discretion in favor of some downward departure. Because if it says no in the face of a clear record that there was substantial assistance, it almost by definition would either be acting arbitrarily or implicitly considering other factors. Well, I think definitely in Rule 35, the court may depart downward. But I think that has to be balanced on some reasonableness. And if the court has before it a clear record of substantial assistance, yes, it would probably most likely be unreasonable for the court to deny any substantial assistance. But I think the government's point is that under the plain language of Rule 35B, it's discretionary, and in denying or limiting the extent of Rule 35B departure, the court can consider factors other than substantial assistance. And the factors that the court considered in this case all related to the nature and the seriousness of the offense. And such factors are considered and specifically referred to as relevant in sentencing considerations under 183553. So I think it's proper for the court to look at all of those factors in balancing whether the extent of the departure it's given or is going to give is justified. And I think it's instructive to look at 5K1.1. I mean, I want to be sure I understand your position. Your position is that in granting a Rule 35B motion, the court must look at the Rule 35B factors. In granting Rule 35. And in denying it, the court may look to other factors. Correct. Okay. And I think it's instructive to look at 5K1.1, the counterpart to Rule 35B, because in interpreting Rule 35B in the way the government is advocating, that the court is restricted to looking at substantial assistance in granting, but not restricted to substantial assistance in denying or limiting the extent of, it allows symmetry between the application of those two statutes. It's a goal of Congress sometimes when we are dealing with provisions that are, have the same objective. 5K and Rule 35B both provide for reduction for substantial assistance. Both rules are triggered by government motions. Both rules trigger government motions when a defendant has provided substantial assistance in the investigation or prosecution of another. So it's logical to conclude that Congress would view those two to be applied in the same fashion. Okay. I think we have the argument, and I appreciate your clarification. Any further argument? Okay. Thank you. If I may briefly, Your Honors. 5K1.1 is a very, is a similar statute in that it requires a government's motion for a downward departure, and it's based on substantial assistance, but it's made at the time of sentencing when all the factors in 3553 are being considered. And I think it's very different in that regard. All of the cases set forth in the 28J letter all relate to 5K1.1. There are earlier cases, but they all relate to 5K1.1 and don't relate to Rule 35. The whole philosophy behind giving a defendant who cooperates a downward departure for his quality cooperation should focus on the cooperation, not the things that have already been considered and that he has acknowledged the vast majority of the time by virtue of a plea. The philosophy behind our sentencing scheme is benefited if the district court focuses on the factors related to cooperation and not those things that occurred at the time of sentencing. I submit it, Your Honor. Thank you. All right. Thank both counsel for an interesting argument. The case that's argued will be submitted.
judges: Fisher, Bybee, Mahan